FILED
ASHEVILLE, N.C.

OCT 7 2011

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Docket No. 1: 11CR85 |
| v. ) | **Bill of Information** |
| DAVID G. SMITH ) | Violations: 18 U.S.C. § 371 (Conspiracy to violate: 18 U.S.C. § 656 & 1014) |

The United States Attorney charges that:

## INTRODUCTION

At all times material to this Information:

1. DAVID G. SMITH, defendant herein, was employed by Pisgah Community Bank as a loan officer, with responsibility for preparing loan presentations and approving loans along with the Bank's President and Chief Credit Officer.

2. Pisgah Community Bank is a financial institution regulated by the Federal Deposit Insurance Corporation (FDIC).

3. Beginning by at least June 2008 and continuing through on or about October 2009, DAVID G. SMITH, prepared multiple loan presentations and thereafter, authorized and made loans from Pisgah Community Bank in the name of a "straw borrowers." A "straw borrower" is a person or entity whose name appears on a loan and on the books and record of a bank as the beneficiary of a loan, but whose name is substituted for that of the true borrower and does not in fact receive the benefits of the loan and is not in fact responsible for repaying the loan. However, the bank and its regulators do not know that the named borrower is a "straw" party. The bank is injured and defrauded because it cannot properly assess the risk of making such loans as it does not know the true circumstances of the loans or the creditworthiness of the true borrowers.

# COUNT ONE

(Violation 18 U.S.C. § 371 – Conspiracy to violate 18 U.S.C. § §656 & 1014)

4. Paragraphs 1 through 3 of the Introduction to this Information are realleged and incorporated by reference into Count One.

5. Beginning on or about April 2008 and continuing through on or about October 2009, in Buncombe and Henderson Counties, within the Western District of North Carolina, the defendant

**DAVID G. SMITH,**

aided and abetted by Chief Credit Officer, Robert Craig Gourlay and others known and unknown to the United States Attorney, did knowingly and willfully combine, conspire, confederate and agree with each other and others to commit offenses against the United States by:

a. being an employee of Pisgah Community Bank, with intent to injure and defraud said financial institution, did willfully embezzle, abstract, purloin and willfully misapply any of the moneys, funds, or credits of such institution, in that the defendant did make a series of straw borrower loans as described above in violation of Title 18, United States Code section 656.

b. making, and causing to be made, false statements for the purpose of influencing, Pisgah Community Bank, a federally-insured financial institution, in that one or more of the coconspirators submitted false loan-to-purchase price ratios; and, falsely stated who the true borrowers were, in violation of Title 18, United States Code section 1014.

c. making, and causing to be made, false statements for the purpose of influencing, the Federal Deposit Insurance Corporation, in that one or more of the coconspirators solicited and received a false lease agreement in connection with a loan, in violation of Title 18, United States Code section 1014.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c). Under section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The defendant has or had a possessory or legal interest in the following property that is subject to forfeiture in accordance with section 982 and/or 2461(c):

a. all property which is proceeds of the violations charged in this Bill of Information; and

b. in the event that any property described in (a) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a).

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

Corey F. Ellis
Assistant United States Attorney